L283HYDP                    Plea

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                          20 CR 473 (VM)

ALHASANA HYDARA,

                Defendant.

------------------------------x
                                       New York, N.Y.
                                       February 8, 2021
                                       10:30 a.m.

Before:

              HON. GABRIEL W. GORENSTEIN,

                                       Magistrate Judge


                          APPEARANCES

AUDREY STRAUSS
     United States Attorney for the
     Southern District of New York
ANDREW ROHRBACH
     Assistant United States Attorney

DONALD J. YANNELLA, III
     Attorney for Defendant
```

1              (All parties appearing telephonically)

2              THE DEPUTY CLERK:  United States v. Alhasana Hydara.

3     Counsel, state your name for the record, please.

4              MR. ROHRBACH:  Good morning, your Honor.  Andrew

5     Rohrbach for the government.

6              MR. YANELLA:  And good morning, your Honor.  Donald

7     Yannella for Mr. Hydara.

8              THE COURT:  Mr. Hydara, you can hear us?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Mr. Hydara, if at any time you can't hear

11    or understand me, will you please interrupt the proceeding to

12    tell me?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  Also, if at any time you need to consult

15    with your attorney privately, will you please tell me that?

16             THE DEFENDANT:  Okay.

17             THE COURT:  I note for the record the parties are

18    appearing by telephone.  Before any person speaks, before any

19    attorney speaks, please be sure to identify yourself by name.

20    Our teleconference line is open to the public on a listen-only

21    basis.  If a member of the public is listening, please mute

22    your line and keep it on mute, and please be aware that any

23    recording or dissemination of the audio of this proceeding is

24    prohibited.

25             Sir, I'm Judge Gorenstein.  Let me say for the record

1  that we are in the midst of the COVID-19 pandemic, and
2  conducting this proceeding by telephone based on the authority
3  provided by a federal statute and by the chief judge of this
4  court pursuant to a standing order.  I find that video
5  conferencing is not reasonably available to conduct this
6  proceeding.  The facilities for video conferencing appearances
7  are extremely limited, and there was insufficient availability
8  to allow for everyone who wishes to use it to use it.
9            Under that statute, the district judge must determine
10 that this plea proceeding cannot be further delayed without
11 serious harm to the interests of justice.  I understand that
12 finding has already been made.
13           For purposes of determining the defendant's consent to
14 this proceeding, will defense counsel just please tell me the
15 conversations you had on that topic.
16           MR. YANELLA:  Yes, Judge.  I had conversations last
17 week and I think two other conversations in the past month with
18 Mr. Hydara regarding his right to insist on a hearing in
19 person, but also his right to consent to appear remotely, and
20 he understands those rights and he agrees to appear remotely.
21 And I read the form to him that I signed.
22           THE COURT:  Okay. Sir, do you understand that you
23 have the right to have an in-person proceeding rather than a
24 telephonic proceeding?  Do you understand that, sir?
25           THE DEFENDANT:  Yes, your Honor.

1     THE COURT:  Is it correct that you are agreeing to
2 conduct this proceeding by telephone?
3     THE DEFENDANT:  Yes, your Honor.
4     THE COURT:  I'm accepting that consent.
5     Sir, also I want you to understand that you have the
6 right to have this plea taken by a United States district
7 judge.  I'm a United States magistrate judge.  If you wish to
8 consent to my taking this plea I will do so.  If you do not
9 wish to consent, you have the right to have your plea taken by
10 a United States district judge at another time.
11     Is it correct that you consent to having your plea
12 taken by a United States magistrate judge?
13     THE DEFENDANT:  Yes, your Honor.
14     THE COURT:  I'm accepting that consent.
15     We're here today for a guilty plea.  I'm going to
16 start by asking the clerk to swear in Mr. Hydara.
17     THE DEPUTY CLERK:  Sir, raise your right hand, please.
18     (Defendant sworn)
19     THE COURT:  Sir, do you understand that now that you
20 are under oath, any statements that you make here could be used
21 against you in a prosecution for perjury or making false
22 statements?
23     THE DEFENDANT:  Yes, your Honor.
24     THE COURT:  Is it correct that there's previously been
25 a Rule 5(f) order issued in this case, Mr. Rohrbach?

1              MR. ROHRBACH:  I believe that is correct, your Honor.
2              THE DEFENDANT:  Can you repeat that again?
3              THE COURT:  That was a question for the attorneys,
4     sir, so don't worry about that.
5              Sir, tell me your full name.
6              Mr. Hydara, tell me your full name.
7              THE DEFENDANT:  Alhasana Hydara.
8              THE COURT:  What is your age?
9              THE DEFENDANT:  I'm 22.
10             THE COURT:  Are you a citizen of the United States?
11             THE DEFENDANT:  Yes, your honor.
12             THE COURT:  Are you able to read and write in English?
13             THE DEFENDANT:  Yes, your Honor.
14             THE COURT:  What is the extent of your formal
15    education?
16             THE DEFENDANT:  12th grade.
17             THE COURT:  Are you now or have you recently been
18    under the continuing care of a psychiatrist or doctor for any
19    reason?
20             THE DEFENDANT:  If I've been what?
21             THE COURT:  Under the continuing care of a
22    psychiatrist or a doctor for any reason.
23             THE DEFENDANT:  Yeah, I was with the doctors because I
24    have caught the COVID.
25             THE COURT:  Okay.  You have that right now, sir?

L283HYDP                        Plea

1           THE DEFENDANT:  They put me in isolation.
2           THE COURT:  Are you taking any medication now?
3           THE DEFENDANT:  No, they don't give me no medication.
4    They just come check up on me sometime.
5           THE COURT:  Are you in a condition right now that you
6    feel able to make decisions in your life?
7           THE DEFENDANT:  Yeah.
8           THE COURT:  Are you able to do your normal abilities
9    in terms of seeing and hearing and thinking and making
10   decisions and understanding?
11          THE DEFENDANT:  Yeah.
12          THE COURT:  Sir, have you ever been hospitalized in
13   the past for mental illness?
14          THE DEFENDANT:  No.
15          THE COURT:  For alcoholism?
16          THE DEFENDANT:  No.
17          THE COURT:  For narcotics addiction?
18          THE DEFENDANT:  No.
19          THE COURT:  As you sit here today, are you under the
20   influence of any drug or alcoholic drink?
21          THE DEFENDANT:  Nope.
22          THE COURT:  Have you been able to understand
23   everything that has been said to you?
24          THE DEFENDANT:  Yes.
25          THE COURT:  Have you seen a copy of the indictment in

1    this case?
2            THE DEFENDANT:  Yes.
3            THE COURT:  Have you read it?
4            THE DEFENDANT:  Yes.
5            THE COURT:  Do you understand what it says you did?
6            THE DEFENDANT:  Yes.
7            THE COURT:  Have you had a chance to discuss the
8    charges and how you wish to plead with your attorney?
9            THE DEFENDANT:  Yes.
10           THE COURT:  Are you satisfied with your attorney's
11   representation of you?
12           THE DEFENDANT:  Yes.
13           THE COURT:  Have you had a full opportunity to discuss
14   this case with him?
15           THE DEFENDANT:  Yes.
16           THE COURT:  Are you ready to enter a plea?
17           THE DEFENDANT:  Yes.
18           THE COURT:  Sir, Count One of the indictment charges
19   you with conspiracy to commit bank fraud.  It is alleged this
20   conspiracy occurred between April 2019 and July 2019, and that
21   the purpose of the conspiracy was that you and others would
22   attempt to execute a scheme to defraud a bank to obtain money
23   from that bank by means of false and fraudulent pretenses.
24           Do you understand the charge, sir?
25           THE DEFENDANT:  Yes, your Honor.

1           THE COURT:  How do you wish to plead, guilty or not
2    guilty?
3           THE DEFENDANT:  Guilty.
4           THE COURT:  Sir, with respect to this count, I want
5    you to understand that it has a maximum term of imprisonment of
6    30 years, also a maximum term of supervised release of five
7    years, a maximum fine of $1 million or twice what was gained
8    because of the offense or twice what was lost to somebody other
9    than you because of the offense, and also a $100 special
10   assessment.  In addition, the Court can order restitution.
11          Do you understand these penalties that I've just
12   described to you?
13          THE DEFENDANT:  Yes, your Honor.
14          THE COURT:  Sir, do you understand that if you plead
15   guilty, you may be required to give up or forfeit to the
16   government any money or property that you received from the
17   offense or that was used to commit the offense?
18          THE DEFENDANT:  Yes, your Honor.
19          THE COURT:  Sir, do you understand that if as part of
20   your sentence you are placed on a term of supervised release,
21   and if you were to then violate any of the conditions of that
22   release, you would face an additional term of imprisonment?  Do
23   you understand that?
24          THE DEFENDANT:  Yes, your Honor.
25          THE COURT:  Sir, you told me earlier you were a

L283HYDP                        Plea

1   citizen of the United States.  By law I still must tell you
2   that if in fact you were not a U.S. citizen, a guilty plea
3   means you may be removed from the United States and denied
4   citizenship in the future.  Do you understand this?
5              THE DEFENDANT:  Yes.
6              THE COURT:  Do you understand you have a right to
7   plead not guilty to this charge and a right to a jury trial if
8   you wished?
9              THE DEFENDANT:  Yes, your Honor.
10             THE COURT:  Do you understand that if you pled not
11  guilty and went to trial, you would be presumed innocent?
12             THE DEFENDANT:  Yes.
13             THE COURT:  Okay.  Sir, and the burden would be on the
14  government to prove your guilty beyond a reasonable doubt?
15             THE DEFENDANT:  Yes, your Honor.
16             THE COURT:  Sir, I want you to understand there are a
17  number of other rights that you would have if you pled not
18  guilty and went to trial.
19             Sir, if you went to trial, you would be entitled to be
20  represented by an attorney at all stages of the case, and if
21  you could not afford to hire an attorney, the court would
22  provide one to you for free.  Do you understand?
23             THE DEFENDANT:  Yes, your Honor.
24             THE COURT:  Also at a trial you would be entitled to
25  confront and cross-examine any witnesses called by the

government to testify against you.  You would be entitled to testify on your own behalf.  You could call witnesses and present evidence, and the Court would compel the attendance of witnesses you wish to call at trial.  Do you understand this?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Also at a trial, sir, you would not be required to testify against yourself.  Do you understand this?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Sir, do you understand all the rights that I've just mentioned?

THE DEFENDANT:  Yeah.

THE COURT:  Do you understand you give that all up if you plead guilty?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand if you enter a guilty plea, you're not going to be able to withdraw this plea, there will be no trial, and the only remaining step in this case will be the sentencing?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand even if you're surprised or disappointed by your sentence, you will still be bound by your guilty plea?

THE DEFENDANT:  Yes.

THE COURT:  Sir, I have before me a letter dated February 4 from the government to your attorney containing a

1  plea agreement.  Have you seen this letter, sir?

2  　　　　THE DEFENDANT:  Yes, your Honor.

3  　　　　THE COURT:  Sir, did you discuss it with your
4  attorney?

5  　　　　THE DEFENDANT:  Yes, your Honor.

6  　　　　THE COURT:  Did you authorize him to sign your
7  signature on the last page?

8  　　　　THE DEFENDANT:  Yes, your Honor.

9  　　　　THE COURT:  Did your attorney explain to you all of
10  its terms and conditions?

11  　　　　THE DEFENDANT:  Yes, your Honor.

12  　　　　THE COURT:  Apart from what's contained in this
13  letter, were any promises been made to you in order to get you
14  to plead guilty?

15  　　　　THE DEFENDANT:  No, your Honor.

16  　　　　THE COURT:  In looking at the plea agreement, I see it
17  contains an analysis of how part of our law of sentencing known
18  as the sentencing guidelines would affect any prison term in
19  your case.  Based on that analysis, the agreement states the
20  conclusion that the guideline sentencing range can be expected
21  to be between 27 and 33 months in prison.  Do you understand
22  this?

23  　　　　THE DEFENDANT:  Yes, your Honor.

24  　　　　THE COURT:  Do you understand that the judge who
25  sentences you is not bound by the calculation in this letter,

1   and that he is free to do his own calculation which could
2   result in a different range?
3           THE DEFENDANT:  Yes, your Honor.
4           THE COURT:  Do you understand that no matter what
5   range the judge believes is called for by the guidelines, that
6   range is just one of many factors that the judge will consider
7   in determining your sentence?
8           THE DEFENDANT:  Yes, your Honor.
9           THE COURT:  And he has the discretion to give you a
10  sentence below or above the range, anywhere up to the maximum
11  sentence of 30 years.  Do you understand that?
12          THE DEFENDANT:  Yes, your Honor.
13          THE COURT:  Do you understand that under the terms of
14  this plea agreement, if you get a prison sentence of 33 months
15  or less, you are giving up your right to appeal that sentence
16  or to challenge it in any other way, such as through a writ of
17  habeas corpus?
18          THE DEFENDANT:  Yes, your Honor.
19          THE COURT:  Also, sir, do you understand that the
20  agreement says that you cannot appeal any fine of $75,000 or
21  less --
22          THE DEFENDANT:  Yes, your Honor.
23          THE COURT:  And also, sir, that you cannot challenge
24  any restitution amount of $37,537 or less?
25          THE DEFENDANT:  Yes, your Honor.

1  THE COURT:  Also do you understand that you cannot
2  appeal any lawful sentence of supervised release?
3  THE DEFENDANT:  Yes, your Honor.
4  THE COURT:  Sir, do you also understand that you are
5  going to forfeit $1,100 and you cannot appeal that either?
6  THE DEFENDANT:  Yes, your Honor.
7  THE COURT:  Sir, knowing all this, do you still wish
8  to plead guilty to Count One of the indictment?
9  THE DEFENDANT:  Yes, your Honor.
10  THE COURT:  Have any force or threats been used,
11  either direct or indirect, to influence your plea today?
12  THE DEFENDANT:  No, your Honor.
13  THE COURT:  Is your plea voluntary, that is, made of
14  your own free will?
15  THE DEFENDANT:  Can you repeat that again, please?
16  THE COURT:  Sure.  Is your plea voluntary?  And by
17  that I mean made of your own free will.
18  THE DEFENDANT:  Yes, your Honor.
19  THE COURT:  Did you in fact commit the offense that's
20  charged in Count One of the indictment?
21  THE DEFENDANT:  Yes, your Honor.
22  THE COURT:  Before I ask you to tell me what you did,
23  I am going to ask the government to summarize the elements of
24  the offense, and, if they wish, to tell me any evidence they
25  would have offered at trial.

1          MR. ROHRBACH:  Yes, thank you, your Honor.  In order
2  to prove the defendant guilty of Count One, the government
3  would have to prove the following elements beyond a reasonable
4  doubt:  First, that two or more persons agreed to try to
5  accomplish a common and unlawful plan to commit bank fraud; and
6  second, that the defendant knew the unlawful purpose of the
7  plan and willfully joined it.
8          The elements of bank fraud, which is the object of the
9  conspiracy, are:  (1) to execute a scheme or artifice to
10  defraud a financial institution by means of false or fraudulent
11  pretenses (2) with intent to deceive the financial institution
12  and obtain its property, and (3) the financial institution was
13  insured by the Federal Deposit Insurance Corporation.  The
14  government would also be prepared to prove venue by a
15  preponderance, which in this case the government would do by
16  showing that financial transactions in furtherance of the
17  conspiracy took place in Manhattan.
18          And if this matter had gone to trial, the government's
19  evidence would include, among other things, bank records and
20  bank surveillance footage, records of Postal money orders, and
21  electronically stored information from social media accounts.
22          THE COURT:  Mr. Hydara, can you tell me what it is you
23  did that makes you guilty of this charge.
24          THE DEFENDANT:  I agreed with others to deposit checks
25  that I knew had been altered into a bank account in order to

|    |                                                                    |
|----|--------------------------------------------------------------------|
| 1  | fraudulently withdraw money from the bank.  On May 23, 2019, I     |
| 2  | deposited a check into an ATM machine at a bank and I knew the     |
| 3  | check had been fraudulently altered.  I intended to withdraw       |
| 4  | that money from the bank.  I knew my actions were illegal.         |
| 5  |     THE COURT:  You're reading from a statement? |
| 6  |     THE DEFENDANT:  Huh?                         |
| 7  |     THE COURT:  Were you, I wanted to make sure you're |
| 8  | reading from a statement; is that right?                           |
| 9  |     THE DEFENDANT:  No.                          |
| 10 |     THE COURT:  You're not reading?              |
| 11 |     MR. YANELLA:  Mr. Hydara -- I'm sorry.  May I, Judge? |
| 12 |     THE COURT:  Go ahead.                        |
| 13 |     MR. YANELLA:  Mr. Hydara, the judge is asking if in |
| 14 | what you just said, you're reading from the allocution that you    |
| 15 | and I prepared.                                                    |
| 16 |     THE DEFENDANT:  Oh.  Yeah, yeah, yeah, yeah, yeah. |
| 17 |     THE COURT:  Sir, did you understand what you were |
| 18 | reading?                                                           |
| 19 |     THE DEFENDANT:  Yes, I understand what I was reading. |
| 20 |     THE COURT:  Because there was a word there I am not |
| 21 | sure I understood.  That word was "fraudulent."  What did you      |
| 22 | mean by that?                                                      |
| 23 |     THE DEFENDANT:  Like, like, like, I was, like, I |
| 24 | commit a fraud.                                                    |
| 25 |     THE COURT:  Okay.  So it sounded like there were |

1     checks -- let me just understand.  You had an agreement with
2     others, other individuals; is that right, sir?
3                THE DEFENDANT:  Yes, your Honor.
4                THE COURT:  It was like a plan that you all were
5     executing?
6                THE DEFENDANT:  Yes, your Honor.
7                THE COURT:  And tell me what that plan involved.  It
8     was a plan to deposit certain checks?
9                THE DEFENDANT:  Yeah, we deposited illegal checks.
10               THE COURT:  Okay.  And the checks weren't real.  They
11    were fake; is that right, sir?
12               THE DEFENDANT:  Yes, your Honor.
13               THE COURT:  And you were doing that in order to get
14    the bank to give you money; is that right?
15               THE DEFENDANT:  Yes, your Honor.
16               THE COURT:  Did this occur in 2019?
17               THE DEFENDANT:  Yes, your Honor.
18               THE COURT:  Where were you depositing the checks?
19    What banks?  Were they in Manhattan or the Bronx?  Where were
20    they?
21               THE DEFENDANT:  Manhattan.
22               THE COURT:  Any questions that the government wants me
23    to ask?
24               THE DEFENDANT:  No, your Honor.
25               THE COURT:  I am asking the government attorney.

1     MR. ROHRBACH:  No, thank you, your Honor.  Though we
2  would prove that the bank involved was insured by the Federal
3  Deposit Insurance Corporation.
4     THE COURT:  I understood you to say that earlier.
5  Thank you again.
6     Mr. Yannella, anything else you want me to ask?
7     MR. YANELLA:  No, your Honor.
8     THE COURT:  On the basis of the defendant's responses
9  to my questions and my listening to his voice, I find he is
10 fully competent to enter an informed plea at this time.  I also
11 conclude he understands the nature of the charge and the
12 consequences of the plea.  Finally, I am satisfied his plea is
13 voluntary and there is a factual basis for it.  Accordingly, I
14 recommend that the proffered plea to Count One of the
15 indictment be accepted.
16    A presentence investigation report is ordered.  Is
17 there a sentencing date?
18    MR. ROHRBACH:  There is not a sentencing date.
19    THE COURT:  Okay.  The prosecution case summary is due
20 in 14 days.  Anything else from the government?
21    MR. ROHRBACH:  No, thank you, your Honor.
22    THE COURT:  Mr. Hydara, is there anything else that
23 you need?  Are you finished with everything you wanted to tell
24 me?
25    THE DEFENDANT:  I want to know when my sentencing date

L283HYDP                        Plea

1   is, please.
2           THE COURT:  We don't know that yet.  But Mr. Yannella,
3   can you be in touch with Mr. Hydara when you know that?
4           MR. YANELLA:  Yes, your Honor.  And I think I need to
5   make this application to the district judge, but we are going
6   to seek an expedited sentencing.
7           THE COURT:  Okay.  Yes.  We'll request the report.  I
8   guess I normally would give a control date at this time.  So, I
9   am going to give the normal control date.  Three months from
10  now would be about May 8.
11          THE DEPUTY CLERK:  Yes, Judge.  That would be May 10.
12  May 8 is a Saturday.
13          THE COURT:  May 10.  Mr. Yannella, you're free to make
14  any application you need.
15          Mr. Yannella, anything else from you?
16          MR. YANELLA:  Nothing further, your Honor.
17          THE COURT:  Thank you, everyone.  Good-bye.
18          MR. ROHRBACH:  Thank you, your Honor.
19          (Adjourned)
20
21
22
23
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300